# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2009

No. 08-30560

Charles R. Fulbruge III
Clerk

ARTHUR J GALLAGHER & COMPANY

Plaintiff-Appellant

v.

CLAYTON L BABCOCK; DENISE J ALEXI; MARIE G HARDOUIN;
KRISTY COPELAND

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-185

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this interlocutory appeal, from the denial of a preliminary injunction concerning two contested contractual provisions underlying an action for declaratory judgment and other relief, primarily at issue is whether non-competition and non-solicitation-of-customers provisions, expressly applying to all 64 of Louisiana's parishes, are invalid as a matter of law. The district court held them geographically overbroad *per se*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arthur J. Gallagher & Company challenges the denial of the preliminary injunction for the two provisions. Gallagher sought, *inter alia*, to enforce them against Appellees, who are former employees. The district court erred in holding these two provisions unenforceable as a matter of law. (Gallagher also sought to enforce confidentiality and non-solicitation-of-employees provisions. In response to the preliminary-injunction request, Appellees did *not* challenge the validity, as explained *infra*, of those provisions in district court, and its holding them valid is not at issue in this interlocutory appeal.) VACATED IN PART and REMANDED.

I.

Gallagher is an insurance-brokerage firm. In November 2003, it purchased a Louisiana-based insurance-brokerage firm from Appellee Babcock. The purchase included, *inter alia*, his customer lists and accounts; and the purchase agreement included provisions essentially designed to protect confidential information and to prevent Babcock from competing with Gallagher for two years after the sale.

In addition to the purchase agreement, Babcock signed an employment agreement with Gallagher; and he began working for Gallagher as a vice president. The employment agreement contained covenants similar to those in the purchase agreement, including provisions preventing Babcock from competing with Gallagher for two years after termination of Babcock's employment.

When Gallagher purchased Babcock's business, Gallagher also hired the other Appellees: Copeland; and two former Babcock employees, Alexi and Hardouin. They signed "executive agreements" at the beginning of their employment with Gallagher, containing similar restrictive covenants.

In December 2007 and early 2008, Appellees left Gallagher to work for another insurance company. The litigation giving rise to the instant

interlocutory appeal essentially concerns whether any of the above-referenced agreements have been violated.

In conjunction with this litigation, a temporary restraining order (TRO) pertaining to the agreements was granted on 8 January 2008; and, a preliminary-injunction hearing was held on 31 January. The requested preliminary injunction required the district court to address four types of provisions: non-competition, non-solicitation-of-customers, confidentiality, and non-solicitation-of-employees.

As noted, Appellees did not contest in district court the validity of the confidentiality and non-solicitation-of-employees provisions. (On the other hand, in the underlying litigation, they do contest whether these provisions have been violated.) Because the January 2008 preliminary-injunction hearing was essentially limited to deciding validity *vel non*, however, the district court's subsequent ruling focused on the only two provisions for which validity was challenged: non-competition and non-solicitation-of-customers.

The order following the January 2008 preliminary-injunction hearing was not issued until June 2008. *Gallagher v. Babcock*, No. 2:08-CV-185 (E.D. La. 4 June 2008) (unpublished order and reasons). In that order, the district court did not expressly decide the requested preliminary injunction. Instead, it held: the non-competition and non-solicitation-of-customers provisions are *not* enforceable, as a matter of law, because they are geographically overbroad; the uncontested confidentiality and non-solicitation-of-employees provisions are valid; and the TRO is to remain in effect with respect to the valid provisions until the court decides the requested preliminary injunction.

## II.

Accordingly, in June 2008, Gallagher filed this interlocutory appeal. It challenges the district court's invalidation, as a matter of law, of the non-competition and non-solicitation-of-customers provisions. Again, Appellees have

not cross-appealed for the two types of uncontested provisions held valid (confidentiality and non-solicitation-of-employees).

On 17 June 2008, after this appeal was filed, this action was transferred to another district judge. At the time of transfer, that judge was already presiding over a related action involving Gallagher and Babcock. Therefore, that day, the district court consolidated the two actions, and stayed the now-consolidated action, administratively closing it to await a ruling on this interlocutory appeal.

Because federal-court jurisdiction is based on diversity, Louisiana law applies. *E.g.*, *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009). Whether the two provisions at issue are unenforceable as a matter of law is, of course, a question of law, reviewed *de novo*. *E.g.*, *Team Envtl. Servs., Inc. v. Addison*, 2 F.3d 124, 126 (5th Cir. 1993). Related factual findings are reviewed only for clear error. *E.g.*, *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 306 (5th Cir. 2008). Additionally, "[a]lthough the ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion, a decision grounded in erroneous legal principles is reviewed *de novo*". *Id.* (internal quotation marks and citation omitted).

A.

Before addressing the provisions at issue in this interlocutory appeal, we must first decide whether we have jurisdiction. Gallagher rests our jurisdiction on a preliminary-injunction denial. *See* 28 U.S.C. § 1292(a)(1) (permitting interlocutory appeal of an injunction denial). The district court, however, did not expressly deny Gallagher's preliminary-injunction motion. Instead, it decided: the non-competition and non-solicitation-of-customers provisions at issue on appeal are unenforceable as a matter of law; and the existing TRO shall remain in effect for the two uncontested provisions held valid until it reaches a final preliminary-injunction decision.

4

While not an express preliminary-injunction denial, this holding, in substance, amounts to such a denial with respect to the only two contested provisions: non-competition and non-solicitation-of-customers. *See H.K. Porter Co., Inc. v. Metro. Dade County*, 650 F.2d 778, 782 n.7 (5th Cir. 1981) ("[T]he district court's ruling on the TRO effectively foreclosed the relief requested in the preliminary injunction and was effectively a denial of the preliminary injunction".); *cf. Sampson v. Murray*, 415 U.S. 61, 86 (1974) (treating a TRO "continued beyond the time permissible under [Federal] Rule [of Civil Procedure] 65" as, in substance, a granted preliminary injunction); *Normand v. Research Inst. of Am., Inc.*, 927 F.2d 857, 866 (5th Cir. 1991) ("Although the court did not expressly rule on [the motion at issue], its unequivocal judgment reflects an intent to dispose of the case completely and, inferentially, to reject the . . . motion". (footnote call omitted)).

Along this line, as discussed, the underlying litigation involves four provisions (non-competition, non-solicitation-of-customers, confidentiality, and non-solicitation-of-clients). On the one hand, the district court has not yet expressly granted or denied a preliminary injunction for any of them. On the other hand, in holding invalid as a matter of law the only two provisions for which validity was challenged (non-competition and non-solicitation-of-customers), the district court effectively rendered a final preliminary-injunction denial. Accordingly, we have jurisdiction.

B.

Concerning the two contested provisions, at issue are: their geographic scope; and, if needed, the availability of related severability clauses. As discussed, in part II.B.1., Louisiana law requires agreements like the non-competition and non-solicitation-of-customers provisions at issue to specify the parishes within which competition and solicitation are prohibited; agreements are invalid if they are geographically overbroad. And, as discussed

in part II.B.2., invalid agreements containing severability clauses may permit such agreements to be salvaged; but, determining whether the invalid provision can be successfully severed depends upon identifying the specific offending language and assessing it in accordance with Louisiana law.

1.

Louisiana restricts, and narrowly construes, non-competition agreements and similar types of restrictive covenants. *E.g.*, *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So. 2d 294, 298 (La. 2001) (noting that Louisiana has a "strong public policy restricting these types of agreements"). Along that line, provisions like those at issue are invalid unless, *inter alia*, they satisfy Louisiana Revised Statute § 23:921(C). It provides, in relevant part:

> Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer *within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein*, not to exceed a period of two years from termination of employment.

LA. REV. STAT. ANN. § 23:921(C) (emphasis added).

As stated, the non-competition and non-solicitation-of-customers provisions were held unenforceable as geographically overbroad. Consistent with the above statute, however, these provisions do specify the specific parishes within which competition and solicitation are prohibited; each lists all of Louisiana's parishes by name. The district court viewed this as impermissible; among other things, it stated that it could "find no difference in listing all the parishes in the State from the situation presented in *Aon Risk* [*Services of Louisiana, Inc. v. Ryan*, 807 So. 2d 1058 (La. Ct. App. 2002),] where the court struck down a clause prohibiting competition in 'whatever parishes, counties and municipalities' the employer carried on business". In sum, the district court

essentially found the provisions to be unenforceable *per se* because they named every Louisiana parish.

Although it is possible that these provisions are geographically overbroad, they are not overbroad *per se*. In that regard, the district court erred in holding them unenforceable without first considering evidence regarding the nature and extent of Gallagher's business. As the plain language of § 23:921(C) suggests, a factual inquiry is required to determine whether Gallagher "carries on a like business [within the specified parishes]". *See, e.g.*, *Vartech Sys., Inc. v. Hayden*, 951 So. 2d 247, 257-58 & n.12 (La. Ct. App. 2006) (considering whether non-competition agreements naming all of Louisiana's parishes were geographically overbroad, pursuant to § 23:921(C); and, requiring "evidence . . . to establish where [plaintiff] actually had a location or had customers" for its analysis).

It is certainly possible for a company to conduct a like business in all of Louisiana's parishes; and, if that were the case, the plain language of § 23:921(C) provides for the protection of that company's interests. Louisiana's case law supports this conclusion.

For example, in *Moores Pump & Supply, Inc. v. Laneaux*, 727 So. 2d 695, 698 (La. Ct. App. 1999), a non-competition agreement covering 43 of Louisiana's 64 parishes was held *not* to be overbroad, because the employer solicited business in each of the named parishes. In that regard, we see no difference between the statute's permitting listing 43 parishes and listing 64 parishes.

Similarly, in *Vartech Systems, Inc.*, 951 So. 2d at 258, non-competition agreements naming all of Louisiana's parishes were examined. The court stated: "The listing of all 64 parishes does not automatically render the specification overly broad". *Id.* (citing *Hose Specialty & Supply Mgmt. Co., Inc. v. Guccione*, 865 So. 2d 183, 188-89, 194 (La. Ct. App. 2003)).

The district court, therefore, erred in its overbroad-*per-se* ruling. Instead, it should have considered evidence concerning whether Gallagher "carries on a

like business", as defined by Louisiana law, in all of Louisiana's parishes. Accordingly, remand is appropriate so that the enforceability of the two provisions at issue can be evaluated. *See Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 304 (5th Cir. 1982) (evaluation of Louisiana restrictive covenant involved an inquiry of both fact and law).

2.

The agreements contain severability clauses, essentially permitting unenforceable provisions to be "modified", "restricted", or "excised", with the goal of saving the remainder of the agreements. In its June 2008 order, the district court considered, and rejected, possible means of saving the agreements.

This analysis was performed, however, in the light of the district court's incorrect determination that defining the geographic scope of the provisions' coverage by listing all of Louisiana's parishes was impermissible *per se*. In other words, its severability analysis flowed from an initial, incorrect assumption about what, precisely, made the provisions unenforceable. It is possible that this analysis would have been different had the district court's initial assessment of the language differed. *See SWAT 24 Shreveport Bossier, Inc.*, 808 So. 2d at 309 (identifying "the offending language" in the agreement before considering whether the agreement could be saved).

As noted, remand is necessary so that the district court can address the provisions' enforceability. Needless to say, if any provisions are found to be unenforceable, a severability analysis should be performed.

C.

The parties raise several other issues, including, *inter alia*: whether the language of the agreements is adequate to create valid non-competition provisions; and whether Copeland's agreement was rendered unenforceable by a claimed missing attachment. Because the district court concluded these two provisions are overbroad as a matter of law, it never addressed these other

issues. Accordingly, we decline to decide them for the first time on appeal; they should be addressed on remand. *See, e.g., Spectators' Commc'n Network Inc. v. Colonial Country Club*, 253 F.3d 215, 225 (5th Cir. 2001) ("[Because the issue] was not addressed squarely below, we remand for consideration in the first instance by the district court".).

Similarly, Gallagher claims the district court erred in refusing to admit certain depositions into evidence. On remand, the district court will, of course, have continued discretion concerning the admission of evidence, as it rules on the requested relief.

### III.

As discussed, Appellees do not contest the validity of the confidentiality and non-solicitation-of-employees provisions. Accordingly, for the foregoing reasons, only the district court's ruling regarding the non-competition and non-solicitation-of-customers provisions is VACATED; and this matter is remanded to district court for further proceedings consistent with this opinion.

VACATED IN PART and REMANDED.